# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRUCE T. MORGAN, an individual, and
BRIAN P. MERUCCI, an individual,

    Plaintiffs

v.

RICK SNYDER, in his official capacity as the Governor of the State of Michigan, and MARY HOLLINRAKE, in her official capacity as the County Clerk and Register of Kent County, Michigan,

    Defendants.

Case No. 1:14-cv-00632

Hon. Gordon J. Quist

---

| | |
|---|---|
| Stephanie D. Myott (P76697)<br>RHOADES McKEE PC<br>Attorneys for Plaintiffs<br>55 Campau Ave. NW Ste. 300<br>Grand Rapids, MI 49503<br>(616) 235-3500 | Michael F. Murphy (P29213)<br>Joshua O. Booth (P53847)<br>Christina M. Grossi (P67482)<br>Attorneys for Defendant Snyder<br>Michigan Department of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 373-1162<br><br>Thomas J. Dempsey (P48792)<br>Linda S. Howell (P44006)<br>Attorneys for Defendant Hollinrake<br>Kent County Corporate Counsel<br>300 Monroe Ave. NW, Ste. 301<br>Grand Rapids, MI 49503-2206<br>(616) 632-7573 |

---

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiffs Bruce T. Morgan ("Bruce") and Brian P. Merucci ("Brian"), by and through their attorneys, Rhoades McKee PC, respond to the Court's Order regarding Mootness and Attorney Fees dated October 8, 2015 (Doc. No. 42) ("Order") as follows:

1. The Court has concluded that this case is moot in light of the United States Supreme Court's decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). *See* Order. However, the Court has retained jurisdiction to "determine the amount of reasonable attorney fees to which Plaintiffs are entitled under 42 U.S.C. § 1988." *Id.*

2. 42 U.S.C. § 1988(b) provides in pertinent part that, in an action to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

3. The Court has ordered Plaintiffs to submit "a statement of attorney's fees incurred in this case, setting forth their counsel's hourly rate and an itemized description of the work performed in this case, together with a statement of the costs incurred." *See* Order. Thus, the issue is not whether Plaintiffs are entitled to an award of attorney's fees and costs, but rather what amount of attorney's fees and costs is "reasonable." *Id.*

4. Reasonable attorney fees under 42 U.S.C. § 1988 are "based on market rates for the services rendered." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (internal citations omitted). With respect to private attorneys, "where an attorney requesting fees has well-defined billing rates, those rates can be used to help calculate a reasonable rate for a fee award." *Id.*

5. Attorneys Stephanie D. Myott, Paul A. McCarthy and Gregory G. Timmer of the law firm Rhoades McKee provided legal services to Plaintiffs during the pendency of this case.

6. A statement of attorney's fees incurred by Plaintiffs, including the attorneys' respective hourly rates and an itemized description of work performed, is attached as **Exhibit A**.

1

7. The total amount of attorney's fees is $33,438.75. *See* Exh. A.

8. Affidavits by Ms. Myott, Mr. McCarthy and Mr. Timmer regarding their legal services provided in this case are attached as **Exhibits B, C and D**, respectively.

9. The attorney fees are more than reasonable: Mr. McCarthy and Mr. Timmer, each of whom has extensive litigation experience, billed at their standard hourly rates of $350.00. Ms. Myott, who is experienced and well-researched in issues affecting same-sex couples, including marriage, billed at her standard hourly rates of $190.00 (2014) and $225.00 (2015).

10. If Defendants had not violated Plaintiffs' civil rights by refusing to recognize their marriage and to afford them the rights and benefits of marriage, then Plaintiffs would not have had to file their Complaint. But such is the case with nearly all 42 U.S.C. § 1983 litigation.

11. The issues in this case were distinctly different from those in *DeBoer v. Snyder*, which was later consolidated into *Obergefell*. Plaintiffs filed their Complaint in June of 2014 after the district court issued its decision in *DeBoer* holding that Michigan's constitutional amendment limiting marriage to a man-woman union was unconstitutional under the Equal Protection Clause, and after the Sixth Circuit issued its stay of that decision.

12. Plaintiffs were differently situated from the *DeBoer* plaintiffs (a same-sex couple seeking the right to marry) because Plaintiffs were already married when they filed their Complaint. During the pendency of this litigation, Plaintiffs have maintained that their marriage gained recognition when the district court decided *DeBoer*, and that it was unconstitutional for the State of Michigan and Kent County to (continue to) refuse to recognize their marriage.

13. Plaintiffs never argued for the right to marry; they were legally married in New York in 2013. Rather, they sought recognition of their out-of-state marriage under the Full Faith and Credit Clause and the Fourteenth Amendment to the United States Constitution.

14. Plaintiffs pled for timely relief because Bruce suffered from cancer. They desired for their marriage to be recognized during Bruce's lifetime and to enjoy marital rights and benefits available to opposite-sex married couples, such as owning property as tenants by the entirety or having medical decision-making authority for an incapacitated spouse.

15. Plaintiffs fought for the opportunity to litigate the issues of the case and against stays of the case pending a decision in *DeBoer* (and then *Obergefell*). After the Supreme Court issued its decision in *Obergefell* holding that the Fourteenth Amendment requires a state to recognize a same-sex marriage lawfully performed in another state, Plaintiffs fought for judgment in their favor against Defendant Snyder, the very same party who had argued that this case was dependent upon the outcome in *Obergefell*.

16. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

17. A statement of costs incurred by Plaintiffs is attached as **Exhibit E**. The total amount of costs is $796.21.

18. Defendant Mary Hollinrake paid $4,500.00 to Plaintiffs, representing Defendant Hollinrake's roughly 50% portion of attorney's fees and costs incurred by Plaintiffs prior to the July 8, 2014 stipulation between Plaintiffs and Defendant Hollinrake. *See* Doc. No. 16.

19. After accounting for the $4,500.00 paid by Defendant Hollinrake, the balance of attorney's fees and costs is $29,734.96. Plaintiffs are requesting that the Court order Defendant Snyder to pay the unpaid balance of attorney's fees and costs incurred by Plaintiffs for bringing their claim under 42 U.S.C. § 1983 against the State of Michigan and Kent County Clerk and

Register of Deeds Mary Hollinrake, alleging violations of their civil rights and challenging the amendment to the Michigan Constitution that prohibited same-sex marriage.

### Relief Requested

Plaintiffs Bruce T. Morgan and Brian P. Merucci respectfully request that this Honorable Court Order Defendant Rick Snyder to pay $29,734.96 to Plaintiffs, representing the unpaid balance and Defendant Snyder's portion of attorney's fees and costs incurred by Plaintiffs in this case.

Respectfully submitted,

RHOADES McKEE
Attorneys for Plaintiffs

By: /s/ Stephanie D. Myott
Stephanie D. Myott (P76697)